**ORIGINAL**

Approved: _____
Matthew Laroche
Assistant United States Attorney

Before:   THE HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

          - v. -

JAMAR DAVIS,
   a/k/a "Bear"

                    Defendant.

- - - - - - - - - - - - - - - - - - x

SEALED **DOC. #  1**

Violation of
18 U.S.C. § 922(g)(1)

COUNTY OF OFFENSE:
BRONX

15 MAG 1956

SOUTHERN DISTRICT OF NEW YORK, ss.:

BERNARD SOLOMON, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE

1.   On or about April 28, 2015, in the Southern District of New York, JAMAR DAVIS, a/k/a "Bear," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm, to wit, a 9 millimeter Smith and Wesson semi-automatic pistol, model 39-2, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and the foregoing charges are, in part, as follows:

2.   I am an NYPD Detective, and I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement officers and other individuals. Because

this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. In the course of this investigation, I have spoken with two NYPD officers ("Officer-1" and "Officer-2," together the "Officers").

4. Based on my conversations with Officer-1, I have learned, in sum and substance, and among other things, the following:

   a. On or about April 28, 2015, the Officers were assigned to patrol in a marked car in the vicinity of East Burnside Avenue in the Bronx, New York. At approximately 1:00 p.m. that day, the Officers turned right onto East Burnside Avenue from Anthony Avenue. At or about that time, the Officers noticed a group of individuals on the north side and on the south side of East Burnside Avenue. The two groups appeared to be preparing to attack one another and immediately turned their attention to the Officers. Officer-1 noticed that one of the individuals in the group on the north side of East Burnside Avenue, later identified to be JAMAR DAVIS, a/k/a "Bear," the defendant, was wearing a backpack (the "Backpack").

   b. After the Officers passed the two groups of individuals, the Officers made a U-turn on East Burnside Avenue. Officer-1 observed DAVIS cross East Burnside Avenue to the south side of the street and attempt to enter a building by pressing buttons on the building's intercom system. At or around this time, Officer-1 recognized DAVIS as an individual who was wanted in connection with a shooting that had occurred approximately two weeks earlier in the Bronx and who lived in an apartment at 1971 Webster Avenue (the "Apartment").

   c. The Officers exited their vehicle and approached DAVIS. As the Officers were approaching DAVIS, DAVIS began to flee east on East Burnside Avenue. Officer-1 pursued DAVIS on foot, and Officer-2 got back into the patrol car to follow. As Officer-1 was pursuing DAVIS, Officer-1 saw DAVIS drop the Backpack on East Burnside Avenue. Officer-1 continued to chase DAVIS after DAVIS dropped the Backpack, and Officer-1 observed DAVIS climb over several fences and enter 1971 Webster Avenue. Around the time that DAVIS entered 1971 Webster Avenue, Officer-

1 received a radio call that a civilian (the "Civilian") had recovered the Backpack and found a firearm (the "Firearm") inside the Backpack.

   d. Officer-1 entered 1971 Webster Avenue with two other officers who had arrived on the scene ("Officer-3" and "Officer-4") and proceeded to the Apartment where Officer-1 believed Officer-1 would find DAVIS. Officer-1 knocked on the door of the Apartment and spoke with an individual ("Individual-1") who answered the door. Officer-1 asked Individual-1 if the officers could search the Apartment, and Individual-1 orally consented to the officers entering and searching the Apartment. Upon entering the Apartment, Officer-1 found DAVIS, who at the time was sweating and breathing heavily. DAVIS was then arrested.

  5. Based on my conversations with Officer-2, I have learned, in sum and substance, and among other things, the following:

   a. Shortly after JAMAR DAVIS, a/k/a "Bear," the defendant, was arrested, Officer-2 spoke with the Civilian who recovered the Backpack. The Civilian told Officer-2 that the Civilian was parked on East Burnside Avenue and that the Civilian observed DAVIS being chased by Officer-1. During the chase, the Civilian saw DAVIS drop the Backpack on East Burnside Avenue. After the Civilian recovered the Backpack, the Civilian opened it and saw the Firearm. The Civilian immediately called 911 to report the Firearm.

  6. Based on my review of recordings of video footage taken of East Burnside Avenue on April 28, 2015 (the "Video Footage"), I have learned, among other things, that JAMAR DAVIS, a/k/a "Bear," the defendant, appears on the Video Footage being chased by Officer-1 and dropping the Backpack on East Burnside Avenue.

  7. Based on my review of NYPD documents, I have learned, among other things, that the Firearm is a 9 millimeter Smith and Wesson semi-automatic pistol, model 39-2.

  8. I have communicated with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF Agent") who is familiar with the manufacturing of firearms. Based on my communications with the ATF Agent, I know that Smith and Wesson pistols are not and have never been manufactured in New York State.

9. I have reviewed criminal history records pertaining to JAMAR DAVIS, a/k/a "Bear," the defendant, which show that DAVIS was convicted on or about January 24, 2013, in Bronx County Supreme Court, of attempted criminal possession of a weapon, in violation of New York Penal Law § 265.03, a class D felony, for which he was sentenced to two years' imprisonment.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of JAMAR DAVIS, a/k/a "Bear," the defendant, and that DAVIS be arrested and imprisoned or bailed, as the case may be.

_Det 72 8C # 2307_
BERNARD SOLOMON
Detective
New York City Police Department

Sworn to before me this
8th day of June 2015

_____
THE HONORABLE JAMES L. COTT
United States Magistrate Judge
Southern District of New York